UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Davina Theresa Sutherlin,  Civil No. 16-2647 (DWF/KMM)

          Plaintiff,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

Nancy A. Berryhill, Acting
Commissioner of Social Security,

          Defendant.

This matter is before the Court upon Plaintiff Davina Theresa Sutherlin's objections (Doc. No. 25) to Magistrate Judge Katherine M. Menendez's January 12, 2018 Report and Recommendation (Doc. No. 23) insofar as it recommends that: (1) Plaintiff's Motion for Summary Judgment should be denied; (2) the Defendant's Motion for Summary Judgment should be granted; and (3) this case should be dismissed. On January 18, 2018, Defendant filed a Non-Objection Response to the Report and Recommendation. (Doc. No. 24.) On February 7, 2018, Defendant filed a Response to Plaintiff's Objection to Report and Recommendation. (Doc. No. 27.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. To the extent the Report and Recommendation contains any incomplete or inaccurate facts, the Court concludes they are immaterial to the Magistrate Judge's analysis and ultimate recommendations.

Plaintiff has appealed the denial of her 2012 applications for disability benefits by the Commissioner of the Social Security Administration. The parties dispute whether the Commissioner erred in concluding that Plaintiff is not disabled as a result of a cognitive impairment, as defined by 20 C.F.R. Pt. 404, subpt. P, app. 1 § 12.05 ("Listing 12.05C"). In the Report and Recommendation, Magistrate Judge Menendez recommended the following conclusions: (1) assume without deciding that Plaintiff has a qualifying IQ score under Listing 12.05C; (2) substantial evidence supports the Commissioner's finding that the record does not reflect the requisite deficits in adaptive functioning necessary to establish a Listing 12.05C impairment; and (3) there is no basis to reopen Plaintiff's earlier application.

Plaintiff objects to the Magistrate Judge's Report and Recommendation for four reasons: (1) the Magistrate Judge ignored or misconstrued some of the alleged facts in determining that Plaintiff does not have significant limitations in her ability to cope with everyday life; (2) the Magistrate Judge erred in concluding that Plaintiff has a significant history of performing semi-skilled work; (3) the Magistrate Judge ignored or failed to give sufficient weight to the fact that Plaintiff relies upon weekly assistance from an ARMHS worker to manage Plaintiff's daily affairs; (4) the Magistrate Judge gave too much weigh to Plaintiff's post-secondary education; and (5) in denying Plaintiff's request to reopen a prior application, the Magistrate Judge erred in concluding that Plaintiff has not pursued the appropriate administrative remedies necessary to seek judicial review.

In response to Plaintiff's objections, Defendant argues that Plaintiff has failed to present any meritorious objections to the Report and Recommendation. Defendant asks this Court to adopt the Report and Recommendation and deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and dismiss this case. First, Defendant addresses Plaintiff's argument that the Magistrate Judge misconstrued or ignored some of the facts and asserts that substantial evidence supports the ALJ's findings of fact and conclusions. Second, Defendant disputes Plaintiff's contention that her earlier application should be reopened and asserts that Defendant abandoned her request to reopen. Defendant alternatively asserts that even if Plaintiff's request was not abandoned, it is not judicially reviewable under the Social Security Act.

The Court concludes that Plaintiff's motion for summary judgment should be denied, Defendant's motion for summary judgment should be granted, and the case should be dismissed. Specifically, the Court agrees with the Magistrate Judge's findings and analysis concerning deficits in adaptive functioning. Substantial evidence supports the ALJ's conclusion that the record does not provide sufficient evidence of the requisite deficits in adaptive functioning necessary to establish a cognitive impairment under Listing 12.05C. *See Vance v. Berryhill*, 860 F.3d 1114, 1119-20 (8th Cir. 2017); *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Further, the Court respectfully denies Plaintiff's request for an order reopening Plaintiff's prior application. Even assuming Plaintiff previously requested that her earlier application be reopened, a refusal to reopen

a claim for benefits is not judicially reviewable.[1]  *Davis v. Sullivan*, 977 F.2d 419, 420 (8th Cir. 1992).  Based upon the *de novo* review of the record, all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Davina Theresa Sutherlin's objections (Doc. No. [25]) to Magistrate Judge Katherine M. Menendez's January 12, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Katherine M. Menendez's January 12, 2018 Report and Recommendation (Doc. No. [23]) is **ADOPTED**.

3. Plaintiff Davina Theresa Sutherlin's Motion for Summary Judgment (Doc. No. [19]) is **DENIED**.

4. Nancy A. Berryhill, Acting Commissioner of Social Security's Motion for Summary Judgment (Doc. No. [21]) is **GRANTED**.

5. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 27, 2018            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

---

[1] Plaintiff's counsel attached three letters addressed to the Social Security Administration, which request that the Social Security Administration reopen any prior applications submitted by Plaintiff.  (Doc. No. 25, Ex. A.)  These letters were not part of the record before the Magistrate Judge.  This Court nevertheless concludes that any denial of Plaintiff's request to reopen a prior application is not judicially reviewable.  *Davis*, 977 F.2d at 420.